| | |
|---|---|
| 1 | CRAIG J. MARIAM (SBN: 225280) |
| | cmariam@grsm.com |
| 2 | ALISON M. PRINGLE (SBN: 301394) |
| | apringle@grsm.com |
| 3 | GORDON REES SCULLY MANSUKHANI, LLP |
| | 633 West Fifth Street, 52nd floor |
| 4 | Los Angeles, CA 90071 |
| | Telephone: (213) 270-7856 |
| 5 | Facsimile: (213) 680-4470 |
| 6 | Attorneys for Defendant |
| | SKULLCANDY, INC. |

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIE JONES, *individually on behalf of herself and all others similarly situated,* | ) ) ) ) | Case No. **'25CV1759 JLS BLM** |
| | ) ) | *[San Diego County Superior Court Case No. 25CU029105C]* |
| Plaintiff, | ) ) | **DEFENDANT SKULLCANDY, INC.'S NOTICE OF REMOVAL** |
| vs. | ) ) ) | |
| SKULLCANDY, INC., | ) ) | Complaint filed: June 4, 2025 |
| Defendant. | ) ) ) ) ) | |

**TO THE CLERK OF COURT OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Skullcandy, Inc. ("Skullcandy" or "Defendant"), by and through its undersigned counsel, respectfully removes the above-captioned action (the "Action") currently pending in the Superior Court of the State of California in and for the County of San Diego (the "State Court") to the United States District Court for the Southern District of California on the grounds that this Court has original jurisdiction over this civil action pursuant to the Class Action Fairness Act

///

-1-
DEFENDANT SKULLCANDY, INC.'S NOTICE OF REMOVAL

("CAFA"), 28 U.S.C. § 1332(d)(2). In support of its Notice of Removal, Defendant states as follows:

## JURISDICTION AND VENUE

1. This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(d)(2), and removal is proper pursuant to 28 U.S.C. §§ 1441 and 1446 because it is a civil action that satisfies the requirements stated in CAFA at subsection (d)(2).

2. This Court is in the judicial district and division embracing the place where the State Court Action was originally brought and is currently pending. Thus, this Court is the district court to which this case is properly removed pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

## THE ACTION AND TIMELINESS OF REMOVAL

3. On or about June 4, 2025, Plaintiff Julie Jones ("Plaintiff") filed a Complaint against Defendant in the State Court. That case is styled as *Julie Jones, individually and on behalf of all others similarly situated, v. SkullCandy, Inc.,* Case No. 25CU029105C (the "State Court Action"). A true and correct copy of the Plaintiff's Complaint (the "Complaint") filed in the State Court Action is attached as **Exhibit A**.

4. On June 9, 2025, Defendant was served with the Summons and Complaint in the State Court Action. Attached hereto, and incorporated herein as **Exhibit B,** is a true and correct copy of all process, pleadings, and orders served on Defendant in the State Court Action.

5. Plaintiff pleads the following three causes of action: alleged violations of the California Invasion of Privacy Act ("CIPA"), codified at Cal. Penal Code Section 631; alleged violations of the California Invasion of Privacy Act ("CIPA"), codified at Cal. Penal Code Section 632; and Unjust Enrichment. Plaintiff seeks an award of statutory damages pursuant to CIPA, reasonable attorneys' fees and costs,

///

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

1 injunctive relief, and all other relief that would be just and proper as a matter of law or equity.

6. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as the Notice is being filed within 30 days of the Defendant's receipt of a copy of the Summons and Complaint in the State Court Action.

7. Defendant has not appeared in the State Court Action aside from filing the Declaration of Craig J. Mariam Regarding Inability to Meet and Confer Prior to Filing Demurrer or Motion to Strike in Support of Automatic Extension, which is attached as **Exhibit C**, and the requisite notice of this Notice of Removal.

8. Defendant is also informed and believes that these documents and exhibits attached hereto constitute all of the process, pleadings, and orders on file in the State Court Action.

9. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of their position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert defenses including, without limitation, the defenses of: (i) lack of jurisdiction over person; (ii) improper venue and/or *forum non conveniens;* (iii) insufficiency of process; (iv) insufficiency of service of process; (v) improper joinder of claims and/or parties; (vi) failure to state a claim; (vii) failure to join indispensable party(ies); or, (viii) any other procedural or substantive defenses available under state or federal law.

## CAFA JURISDICTION

11. Pursuant to CAFA, where the proposed class involves 100 or more members, "[t]he district court shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which. . . any member of a class of

*Gordon Rees Scully Mansukhani, LLP*
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A) and (d)(5). This action satisfies those requirements because it is a civil action filed as a putative class action involving more than 100 putative class members, the amount in controversy exceeds $5,000,000 based on the allegations set forth in the Complaint and Plaintiff's alleged damages sought on behalf of herself and the putative class, and minimal diversity exists between Plaintiff and Defendant based on the face of the Complaint.

## SIZE OF THE PUTATIVE CLASS

12. CAFA provides that the district court shall not have jurisdiction over actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

13. Here, Plaintiff alleges that "[t]he [putative class] is composed of at least thousands of individuals." *See* **Ex. A** [Complaint], ¶ 130. Accordingly, per Plaintiff's allegations, the putative class size is well above 100.

## AMOUNT IN CONTROVERSY UNDER CAFA

14. Removal is appropriate when it is likely that the amount in controversy exceeds the jurisdictional requirement, which is $5,000,000, in the aggregate under CAFA. *See, e.g.*, *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 689 (9th Cir. 2006). "Generally, the amount in controversy is to be decided from the complaint itself." *Richmond v. Allstate Ins. Co.,* 897 F. Supp. 447, 449 (S.D. Cal. 1995) (citing *Horton v. Liberty Mutual Ins. Co.,* 367 U.S. 348, 353 (1961)). But, if a plaintiff fails to plead a specific amount of damages and the amount in controversy is not "'facially apparent' from the complaint, 'the court may consider facts in the removal petition'" to determine the amount at issue. *Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

15. Here, Plaintiff does not specifically allege an amount of damages or recoverable penalties in the Complaint. And, she does not allege that the aggregate

1  amount in controversy is less than $5,000,000.  As a result, Defendant "need
2  include only a plausible allegation that the amount in controversy exceeds the
3  jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574
4  U.S. 81, 84, 94 (2014) (holding defendants need not submit "evidence"
5  establishing CAFA jurisdiction in their removal papers; rather, defendants only
6  need to provide "a short and plain statement of the grounds for removal"); *see also*
7  *Al-Najjar v. Kindred Healthcare Operating, Inc.,* No. CV 17-6166 PSG (FFMx),
8  2017 WL 4862067, at *2 (C.D. Cal. Oct. 26, 2017).

9      16. Here, without conceding that Plaintiff or the putative class members
10 are entitled to or could recover any damages in the amount alleged (or at all), the
11 amount in controversy for this action certainly exceeds $5,000,000, exclusive of
12 interest and costs.  Plaintiff alleges that she and the putative class members are
13 entitled to statutory damages under CIPA.  CIPA provides that "[a]ny person who
14 has been injured by a violation of this chapter may bring an action against the
15 person who committed the violation for the greater of the following amounts: (1)
16 Five thousand dollars ($5,000) per violation. . . ." Cal. Penal Code, § 637.2(a)(1).
17 Based on Plaintiff's proposed class size "of at least thousands of individuals," the
18 action seeks damages that exceeds the requisite $5 million jurisdictional threshold
19 under CAFA.  Thus, the jurisdictional amount in controversy has also been
20 satisfied.

21     17. Defendant makes no admission of any liability or damages with
22 respect to any aspect of this case, or to the proper legal test to be applied to
23 Plaintiff's claims. Nor does Defendant waive its right to ultimately contest the
24 proper amount of damages or attorney's fees due, if any, should Plaintiff prevail
25 with respect to any of his claims. However, for all of the forgoing reasons, the
26 amount placed in controversy by Plaintiff's Complaint is significantly greater than
27 the jurisdictional minimum of $5,000,000 required by CAFA.
28 / / /

*Gordon Rees Scully Mansukhani, LLP*
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

## DIVERSITY OF CITIZENSHIP

18. CAFA's diversity requirement is satisfied when a single member of the putative plaintiff class is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2). For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is where they reside with the intention to remain or to which they intend to return. *Ehrman v. Cox Communications, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019); *Kanter v. Warner-Lambert Co.,* 265 F.3d. 853, 857 (9th Cir. 2001). At minimum, a person's residence constitutes *some* evidence of domicile. *Adams v. W. Marine Prods., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020) (citing *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013)). "[A] party with the burden of proving citizenship may rely on the presumption of continuing domicile, which provides that, once established, a person's state of domicile continues unless rebutted with sufficient evidence of change." *Id*. (quoting *Mondragon*, 736 F.3d at 885).

19. The citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson,* 782 F.2d 790, 794 (9th Cir. 1986). Courts consider the citizenship of all putative class members—both named and unnamed. *See id.,* § 1332(d)(1)(D). In the Ninth Circuit, "[a] party's allegation of minimal diversity may be based on 'information and belief.' [citations omitted] The pleading 'need not contain evidentiary submissions.'" *Ehrman v. Cox Communications,* 932 F.3d 1223, 1227 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 84 (2014)).

20. Here, Plaintiff alleges in the Complaint that she is a citizen of California, and Defendant is a Delaware corporation with a principal place of business in Utah. *See* **Ex. A** (Complaint) at ¶¶ 9-10. Moreover, Plaintiff defines the putative class as involving "All California residents. . . ." *See id.,* ¶ 129. As a

///

result, based on the face of Plaintiff's Complaint, there is minimal diversity under CAFA because Plaintiff is diverse from Defendant.

## THIS COURT HAS DIVERSITY JURISDICTION OVER THIS MATTER

21. The Court has original jurisdiction of this action under 28 U.S.C. section 1332(a)(1). As set forth below, this action is removable pursuant to the provisions of 28 U.S.C. section 1441(a), as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the controversy is between citizens of different states.

### A. Amount In Controversy.

22. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000. *See Sanchez v. Monumental Life Ins.,* 102 F.3d 398, 403-404 (9th Cir. 1996) (discussing whether "it is 'more likely than not' that the amount in controversy exceeds [the threshold] amount") (internal citation omitted). As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004) (the district court may consider facts presented in the removal petition).

23. Given the statutory damages, unspecified injunctive relief, punitive damages, restitution and disgorgement of all profits and benefits, and attorney's fees sought by Plaintiff in this case, the $75,000 threshold is easily met. (Complaint, Prayer).

### B. Diversity.

24. As discussed above with respect to CAFA jurisdiction, Plaintiff is a California citizen and Defendant is a citizen of the States of Delaware and Utah. There is diversity of citizenship of the parties for purposes of federal jurisdiction. Thus, this case is subject to removal pursuant to 28 U.S.C. section 1332(a)(1).

///

## NOTICE

25. As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the San Diego County Superior Court.

26. The undersigned counsel for Defendant had read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by U.S.C. ¶ 1446(a).

WHEREFORE, having provided notice as is required by law, the above entitled action should be removed from the San Diego Superior Court to this Court.

Dated: July 9, 2025                     Respectfully Submitted,

                                        GORDON REES SCULLY
                                        MANSUKHANI, LLP

                                        By: */s/ Craig J. Mariam*
                                            Craig J. Mariam
                                            Alison M. Pringle
                                            Attorneys for Defendant
                                            SKULLCANDY, INC.