CRAIG J. MARIAM (SBN: 225280)
cmariam@grsm.com
ALISON M. PRINGLE (SBN: 319995)
apringle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 270-7856
Facsimile: (213) 680-4470

Attorneys for Defendant
SKULLCANDY, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JULIE JONES, *individually on behalf of herself and all others similarly situated,*

Plaintiff,

vs.

SKULLCANDY, INC.,

Defendant.

Case No. 3:25-cv-01759-JLS-BLM
Judge: Hon. Janis L. Sammartino

*[Removed from San Diego County Superior Court, Case No. 25CU029105C]*

**DEFENDANT SKULLCANDY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF STANDING [FRCP 12(B)(1)]; LACK OF PERSONAL JURISDICTION [FRCP 12(B)(2)]; IMPROPER VENUE [FRCP 12(B)(3)], FAILURE TO STATE A CLAIM [FRCP 12(B)(6)], AND *FORUM NON CONVENIENS*, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

*[Filed concurrently with Memorandum of Points and Authorities; Declaration of Matthew Kepke; Request for Judicial Notice; and [Proposed] Order]*

Hearing Date: August 21, 2025
Time: 1:30 p.m.
Dept: 4D

Action Filed: June 4, 2025
Trial Date: None Set

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on August 21, 2025, at 1:30 p.m., or as soon thereafter as the Motion may be heard, in the courtroom of the Honorable Janis L. Sammartino, located at Courtroom 4D, of the United States District Court for the Southern District of California, 221 West Broadway, San Diego, California, 92101, Defendant Skullcandy, Inc. ( "Skullcandy") will and hereby does move this Court ("Motion") for an order dismissing, with prejudice, Plaintiff Julie Jones's Complaint ( "Complaint"). Defendant brings this Motion under Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), and the doctrine of *forum non conveniens* on the following grounds:

Plaintiff fails to establish personal jurisdiction over Skullcandy. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1074 (9th Cir. 2011); *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Plaintiff cannot establish general jurisdiction since Skullcandy is incorporated in Delaware and has its principal place of business in Utah. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Plaintiff also fails to establish specific jurisdiction over Skullcandy because Plaintiff does not allege facts that Skullcandy purposefully directed conduct at California, nor does Plaintiff allege facts that her claims arise out of or relate to Skullcandy's contacts with California. *Ayla, Ltd. Liab. Co. v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021). Lastly, it would be unreasonable under the Ninth Circuit's seven-factor test to exercise jurisdiction over Skullcandy in California.

Additionally, Plaintiff does not have standing to bring her claims since she has failed to allege any cognizable harm resulting from her use of Skullcandy's website. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

Plaintiff also fails to state a claim for violation of the California Invasion of

Privacy Act ("CIPA") under California Penal Code §§ 631(a) and 632(a), since Plaintiff consented to Skullcandy's Terms of Service and Privacy Policy when she received notice of Skullcandy's Privacy Policy and continued to use Skullcandy's website, allowing Skullcandy alleged access to information that she willingly disclosed. Further, Plaintiff cannot have a reasonable expectation of privacy while essentially acting as a "plaintiff tester" and seeking out privacy violations. *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-CV-08735-RGK-JC, 2024 WL 1085787, at *1 (C.D. Cal. Apr. 4, 2025). Additionally, Plaintiff fails to identify any requisite confidential communications allegedly intercepted by Skullcandy. Lastly, Plaintiff's CIPA claims are vague and fail to allege any of the purported activity actually took place in California. Therefore, Plaintiff cannot meet the elements of a CIPA violation.

Plaintiff also fails to state a claim for unjust enrichment since unjust enrichment is a restitution claim, not a stand-alone cause of action in California. *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2001).

Plaintiff's Complaint should further be dismissed under the doctrine of *forum non conveniens*, which grants the court the power to dismiss a claim when there is an adequate alternative forum and the balance of private and public factors favors dismissal. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n. 22, 257 (1981). Here, the factors favor dismissal since Skullcandy's principal place of business, where all of its decisions are made, relevant witnesses and evidence are located, and its high executives reside, is in Utah. Additionally, Utah has a greater interest in the matter and undue burdens on the Court and the parties favor dismissal.

Venue is improper in the District Court for the Southern District of California since Plaintiff fails to plead how a substantial part of the alleged CIPA violations occurred in San Diego County, Skullcandy's principal place of business is in Utah, and Skullcandy does not directly target consumers in California. 28

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

U.S.C.A § 1391. In the alternative, this matter should be transferred to the District Court for the District of Utah, since Plaintiff has engaged in forum shopping and it would be more convenient for the parties and witnesses, and would benefit the exchange of evidence and judicial resources if this matter was transferred to the District of Utah. 28 U.S.C. § 14014(a). Utah provides an adequate alternative forum. Indeed, Plaintiff originally filed her claims against Skullcandy in the District of Utah and then voluntarily dismissed her claims while Skullcandy's Motion to Dismiss was pending. The District of Utah was the proper venue, thus, if this matter is not dismissed, it should be transferred.

This Motion is based on this Notice, the supporting Memorandum of Points and Authorities, the Declaration of Matthew Kepke, the Request for Judicial Notice, the pleadings and records on file in this action, all matters of which the Court may take judicial notice, and any other argument of evidence that may be presented in support of this Motion.

Dated: July 16, 2025

Respectfully submitted,

GORDON REES SCULLY
MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
Craig J. Mariam
Alison M. Pringle
Attorneys for Defendant
SKULLCANDY, INC.

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**CERTIFICATION OF SERVICE**

I hereby certify that on July 16, 2025, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

By: */s/ Craig J. Mariam*
Craig J. Mariam