CRAIG J. MARIAM  (SBN:  225280)
cmariam@grsm.com
ALISON M. PRINGLE  (SBN: 319995)
apringle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone:  (213) 270-7856
Facsimile:  (213) 680-4470

Attorneys for Defendant
SKULLCANDY, INC.

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JULIE JONES, *individually on behalf of herself and all others similarly situated,*

                    Plaintiff,

        vs.

SKULLCANDY, INC.,

                    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:25-cv-01759-JLS-BLM
Judge: Hon. Janis L. Sammartino

*[Removed from San Diego County Superior Court, Case No. 25CU029105C]*

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF STANDING [FRCP 12(B)(1)]; LACK OF PERSONAL JURISDICTION [FRCP 12(B)(2)]; IMPROPER VENUE [FRCP 12(B)(3)], FAILURE TO STATE A CLAIM [FRCP 12(B)(6)], AND *FORUM NON CONVENIENS*, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**

*[Filed concurrently with Notice of Motion and Motion; Declaration of Matthew Kepke; Request for Judicial Notice; [Proposed] Order]*

Hearing Date:    August 21, 2025
Time:            1:30 p.m.
Dept:            4D

Action Filed:    June 4, 2025
Trial Date:      None Set

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S
MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   FACTUAL BACKGROUND ......................................................................... 1

III.  ARGUMENT ................................................................................................. 2

    A.    Plaintiff Fails to Establish Personal Jurisdiction ................................. 2

        1.    Plaintiff Does Not Establish General Jurisdiction ..................... 2

        2.    Plaintiff Does Not Establish Specific Jurisdiction .................... 3

            a.    Plaintiff Fails to Allege Purposeful Direction ................. 4

            b.    Claims Do Not Arise Out of or Relate to California Contacts ............................................................................ 5

            c.    Exercising Jurisdiction in California Would Be Unreasonable .................................................................. 6

    B.    Plaintiff Lacks Standing Because She Does Not Allege Concrete Harm ........................................................................ 6

    C.    Plaintiff Fails to State a Claim Under Fed. R. Civ. P. FRCP 12(b)(6) ........................................................................ 8

        1.    Plaintiff Fails to State a Claim for Violation of the CIPA ......... 9

            a.    Plaintiff Consented to Any Activity Alleged ................... 9

            b.    Plaintiff Cannot Apply Wiretapping Statute to the Website ........................................................................... 11

            c.    Plaintiff Cannot Apply Eavesdropping Statute to the Website ..................................................................... 13

            d.    No Expectation of Privacy .............................................. 14

            e.    CIPA Claims Are Impermissibly Vague ......................... 15

        2.    Plaintiff Fails to State a Claim for Unjust Enrichment ............ 16

    D.    *Forum Non Conveniens* Dismissal is Appropriate ............................ 16

        1.    Utah Provides an Adequate Alternative Forum ....................... 17

        2.    Both Public and Private Factors Weigh in Favor of Dismissal .................................................................................. 17

            a.    Private Factors ................................................................. 18

-i-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

b. Public Factors.................................................................18

E. Venue is Improper under Rule 12(b)(3) and 28 U.S.C. § 1406..........20

1. The Complaint Should Be Dismissed for Improper Venue .....20

2. Alternatively, this Matter Should be Transferred.....................21

a. Public and Private Factors Favor Transfer.....................21

i. Plaintiff Has Engaged in Forum Shopping..........22

ii. Transfer Best Serves the Convenience of the Parties...................................................................22

iii. Transfer Best Serves the Convenience to the Witnesses .............................................................23

iv. Transfer Eases Access to Evidence ....................24

v. Familiarity with Applicable Law.........................24

vi. Local Interest in the Controversy.........................24

vii. Administrative Considerations ...........................25

IV. CONCLUSION ....................................................................................25

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-ii-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................................. 8, 10

*Ayco Farms, Inc. v. Ochoa*,
   862 F.3d 945 (9th Cir. 2017) ......................................................................... 16

*Ayla, Ltd. Liab. Co. v. Alya Skin Pty. Ltd.*,
   11 F.4th 972 (9th Cir. 2021) ............................................................................ 4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................. 8, 15

*Bos. Telecommunications Grp., Inc. v. Wood*,
   588 F.3d 1201 (9th Cir. 2009) ...................................................................... 18

*Boulton v. Community.com, Inc.*,
   No. 23-3145, 2025 WL 314813 (9th Cir. Jan. 28, 2025) ........................... 12, 13

*Brackett v. Am. Airlines Grp. Inc.*,
   No. 21-cv-02681-HSG, 2022 WL 282529 (N.D. Cal. Jan. 31,
   2022) .......................................................................................................... 15

*Brand v. Menlove Dodge*,
   796 F.2d 1070 (9th Cir. 1986) ......................................................................... 6

*Briskin v. Shopify, Inc.*, 135 F.4th 739, 756 (9th Cir. 2025) ..................................... 3

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*,
   582 U.S. 255 (2017) ....................................................................................... 4

*Brown v. Google LLC*,
   685 F. Supp. 3d 909 (N.D. Cal. 2023) ............................................................ 13

*Byars v. Sterling Jewelers, Inc.*,
   No. 5:22-cv-01456, 2023 WL 2996686 (C.D. Cal. Apr. 5, 2023) ....................... 7

*Cahill v. Liberty Mut. Ins. Co.*,
   80 F.3d 336 (9th Cir. 1996) ............................................................................. 9

*Campbell v. Facebook Inc.*,
   77 F. Supp. 3d 836 (N.D. Cal. 2014) .............................................................. 13

-iii-

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
  598 F.3d 1115 (9th Cir. 2010) ...................................................................................7

*Cody v. Ring LLC*,
  718 F. Supp. 3d 993 (N.D. Cal. 2024) .....................................................................12

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ...................................................................................2

*Contact Lumber Co. v. P.T. Moges Shipping Co.*,
  918 F.2d 1446 (9th Cir. 1990) .................................................................................17

*Creative Tech. Ltd. v. Aztech Sys. Pet., Ltd.*,
  61 F.3d 696 (9th Cir. 1995) .....................................................................................17

*Daimler AG v. Bauman*,
  571 U.S. 117 (2014) ...................................................................................................2

*Decker Coal Co. v. Commonw. Edison Co.*,
  805 F.2d 834 (9th Cir.1986) ....................................................................................21

*Doe v. FullStory, Inc.*,
  No. 23-cv-00059, 2024 WL 188101 (N.D. Cal. Jan. 17, 2024) .................................5

*Doe v. Geller*,
  533 F.Supp.2d 996 (N.D. Cal. 2008) .......................................................................19

*Dugas v. Starwood Hotels & Resorts Worldwide, Inc.*,
  No. 3:16-cv-00014-GPC-BLM, 2016 WL 6523428 (S.D. Cal. Nov.
  3, 2016) ......................................................................................................................7

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
  592 U.S. 351 (2021) ...................................................................................................5

*Garcia v. Enter. Holdings, Inc.*,
  78 F. Supp. 3d 1125 (N.D. Cal. 2015) .....................................................................11

*Gates Learjet Corp. v. Jensen*,
  743 F.2d 1325 (9th Cir. 1984) .................................................................................25

*Hammerling v. Google LLC*,
  No. 21-cv-09004-CRB, 2022 WL 17365255 (N.D. Cal. Dec. 1,
  2022) .........................................................................................................................16

*Hawkins v. Gerber Prods. Co.*,
  924 F. Supp. 2d 1208 (S.D. Cal. 2013) .............................................................passim

-iv-

*Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*,
No. C 14-0437 CW, 2014 WL 5695051 (N.D. Cal. Nov. 4, 2014) ...................22

*Herbal Brands, Inc. v. Photoplaza, Inc.*,
72 F.4th 1085 (9th Cir. 2023)....................................................................4

*Hill v. Roll Int'l Corp.*,
195 Cal. App. 4th 1295 (2001)................................................................16

*In re Meta Pixel Healthcare Litig.*,
647 F. Supp. 3d 799................................................................................14

*Injen Tech. Co. v. Advanced Engine Mgmt., Inc.*,
270 F. Supp. 2d 1189 (S.D. Cal. 2003) ...................................................21

*James v. Allstate Ins. Co.*,
No. 23-CV-01931-JSC, 2023 WL 8879246 (N.D. Cal. Dec. 22,
2023)...................................................................................................12

*Javier v. Assurance IQ, LLC* (*Javier I*),
No. 4:20-CV-02860-JSW, 2021 WL 940319 (N.D. Cal. Mar. 9,
2021)...................................................................................................11

*Jones v. ARHAUS, LLC*,
3:23-cv-00984-BTM-JLB (S.D. Cal., Compl. Filed May 26, 2023) .................15

*Jones v. ERGATTA, Inc.*,
3:23-cv-00983-LL-AHG (S.D. Cal., Compl. Filed May 26, 2023) ...................15

*Jones v. IFIT, Inc. d/b/a NordicTrack*,
3:23-cv-00979-L-WVG (S.D. Cal., Compl. Filed May 26, 2023)....................15

*Jones v. Peloton Interactive, Inc.*,
3:23-cv-01082-LAB-BGS (S.D. Cal., Compl. Filed Jun. 9, 2023)....................15

*Jones v. Peloton, Inc. and Does 1-100*,
37-2023-00023416-CU-CO-CTL (San Diego County Superior
Court, Compl. Filed Jun. 1, 2023).........................................................15

*Jones v. Tonal Systems, Inc. and Does 1-100*,
37-2023-00023025-CU-CO-CTL (San Diego County Superior
Court, Compl. Filed Jun. 1, 2023).........................................................15

*Julie Jones v. Skullcandy, Inc.*,
District of Utah, Central Division, No. 2:25-cv-00184.......................................1

-v-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

*Kannar v. Alticor, Inc.*,
   No. 08–5505, 2009 WL 975426 (N.D.Cal. Apr. 9, 2009) ................................23

*Kauffman v. Home Depot, Inc.*,
   No. 23-cv-0259, 2024 WL 221434 (S.D. Cal. Jan. 19, 2024)............................. 4

*Lakes v. Ubisoft, Inc.*,
   No. 24-CV-06943-TLT, 2025 WL 1036639 (N.D. Cal. Apr. 2, 2025)..........................................................................................................11

*Leetsch v. Freedman*,
   260 F.3d 1100 (9th Cir. 2001)...................................................................17, 24

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir.1987) ..............................................................................22

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ...........................................................................................7

*Massie v. General Motors, LLC*,
   No. 21-787-RGA, 2022 WL 534468 (D. Del. Feb. 17, 2022) ............................8

*Matter of Star & Crescent Boat Co., Inc.*,
   549 F. Supp. 3d 1145 (S.D. Cal. 2021) ............................................................20

*McHenry v. Renne*,
   84 F.3d 1172 (9th Cir. 1996).............................................................................15

*Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007) .........................................6

*Metz v. U.S. Life Ins. Co. in City of New York*,
   674 F. Supp. 2d 1141 (C.D. Cal. 2009).......................................................19, 24

*Moretti v. Hertz Corp.*,
   No. C 13-02972 JSW, 2014 WL 1410432 (N.D. Cal. Apr. 11, 2014)................................................................................................................11

*Nguyen v. Barnes & Noble Inc.*,
   763 F.3d 1171 (9th Cir. 2014)...........................................................................11

*Omeluk v. Langsten Slip & Batbyggeri A/S*,
   52 F.3d 267 (9th Cir. 1995)................................................................................3

*Pac. Car & Foundry Co. v. Pence*,
   403 F.2d 949 (9th Cir.1968)..............................................................................22

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-vi-

*Pareto v. FDIC,*
   139 F.3d 696 (9th Cir. 1998) .................................................................................. 9

*Park v. Dole Fresh Vegetables, Inc.,*
   964 F.Supp.2d 1088 (N.D. Cal. 2013) ................................................................. 23

*Picot v. Weston,*
   780 F.3d 1206 (9th Cir. 2015) ................................................................................ 2

*Piper Aircraft Co. v. Reyno,*
   454 U.S. 235 (1981) .............................................................................................. 17

*R.C. v. Sussex Publishers, LLC,*
   No. 24-CV-02609-JSC, 2025 WL 948060 (N.D. Cal. Mar. 28,
   2025) ................................................................................................................ 11, 12

*Roberts v. Corrothers,*
   812 F.2d 1173 (9th Cir. 1987) ................................................................................ 9

*Rodriguez v. Autotrader.com, Inc.,*
   No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787 (C.D. Cal. Apr.
   4, 2025) .................................................................................................................. 14

*Ruth Martin v. Outdoor Network LLC,*
   No. 23-cv-09807, 2024 WL 661173 (C.D. Cal. Jan. 31, 2024) ............................. 5

*Saleh v. Titan Corp.,*
   361 F. Supp. 2d 1152 (S.D. Cal. 2005) ................................................................ 25

*Schwarzenegger v. Fred Martin Motor Co.,*
   *374 F.3d 797 (9th Cir. 2004)* ................................................................................. 3

*Shah v. Hilton Worldwide Holdings Inc.,* No. 25-CV-01018-EKL,
   2025 WL 1683577 (N.D. Cal. June 11, 2025) ....................................................... 4

*Silver v. Stripe Inc.,*
   No. 4:20-CV-08196-YGR, 2021 WL 3191752 (N.D. Cal. July 28,
   2021) ...................................................................................................................... 10

*Smith v. Facebook, Inc.,*
   262 F. Supp. 3d 943 (N.D. Cal. 2017) .................................................................... 9

*Smith v. Facebook, Inc.,*
   745 F. App'x 8 (9th Cir. 2018) .......................................................................... 9, 11

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

*Smith v. YETI Coolers, LLC*,
 754 F. Supp. 3d 933 (N.D. Cal. 2024) ................................................................. 13

*Spokeo, Inc. v. Robins*,
 578 U.S. 330 (2016) ............................................................................................... 7

*Starr v. Baca*,
 652 F.3d 1202 (9th Cir. 2011) ............................................................................... 9

*Sullivan v. Oracle Corp.*,
 51 Cal. 4th 1191 (2011) ................................................................................... 15, 16

*Tavernetti v. Superior Ct.*,
 22 Cal. 3d 187 (Cal. 1978) .................................................................................. 11

*TransUnion LLC v. Ramirez*,
 141 S.Ct. 2190 (2021) ........................................................................................... 7

*United States ex rel. Cody v. ManTech Int'l Corp.*,
 No. 1:16-cv-132, 2016 WL 2754249 (E.D. Va. Sept. 14, 2016). ....................... 24

*United States ex rel. Cody v. Mantech Int'l Corp.*,
 No. CV 13-9173 FMO (SSX), 2016 WL 10537807 (C.D. Cal. Feb.
 9, 2016) ................................................................................................................ 18

*Valerie Torres & Rhonda Hyman v. Prudential Financial, Inc.*,
 No. 22-CV-07465 (CRB), 2025 WL 1135088 (N.D. Cal. Apr. 17,
 2025) ..................................................................................................................... 12

*Williams v. Bowman*,
 157 F. Supp. 2d 1103 (N.D. Cal. 2001) ............................................................... 22

*Williams v. What If Holdings, LLC*,
 No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22,
 2022) ..................................................................................................................... 13

*Yockey v. Salesforce*,
 688 F. Supp. 962 (N.D. Cal. 2023) ...................................................................... 12

*Yoon v. Meta Platforms, Inc.*,
 No. 24-CV-02612-NC, 2024 WL 5264041 (N.D. Cal. Dec. 30,
 2024) ................................................................................................................ 13, 14

*Zarif v. Hwareh.Com, Inc.*,
 No. 23-cv-0565, 2024 WL 1268167 (S.D. Cal. Mar. 25, 2025) ........................... 4

-viii-

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

## Statutes

28 U.S.C. § 1391(b)(2) ...............................................................................23

28 U.S.C. § 1391(b)(3) ...............................................................................23

28 U.S.C. § 1404(a) .............................................................................22, 23

28 U.S.C. § 1406(a) ....................................................................................21

28 U.S.C.A. § 1391 .....................................................................................22

Cal. Penal Code § 630 .................................................................................17

Cal. Penal Code § 631 ............................................................................1, 10

Cal. Penal Code § 631(a) ...............................................................10, 13, 14

Cal. Penal Code § 632 ......................................................................1, 10, 15

Cal. Penal Code § 632(a) ............................................................................14

Cal. Penal Code § 632(a-b) .........................................................................10

## Rules

Fed. R. Civ. P. 12(b)(1) .............................................................................1, 7

Fed. R. Civ. P. 12(b)(2) .............................................................................1, 2

Fed. R. Civ. P. 12(b)(3) ...........................................................................1, 21

Fed. R. Civ. P. 12(b)(6) .............................................................................1, 9

Fed. R. Civ. P. 8 .........................................................................................16

Fed. R. Civ. P. 8(a)(2) ................................................................................16

## Other Authorities

Wright & Miller, 15 Federal Practice and Procedure § 3854 ...............20, 26

-ix-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

## I.    INTRODUCTION

Defendant Skullcandy, Inc. ("Skullcandy"), pursuant to Fed R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(6), and the doctrine of *forum non conveniens*, hereby moves to dismiss each of Plaintiff Julie Jones's claims.  Plaintiff alleges claims: (1) under the California Invasion of Privacy Act ("CIPA") §§ 631 and 632, which criminalize wiretapping and eavesdropping on confidential communication; and (2) for unjust enrichment.  On March 11, 2025, Plaintiff filed her original Complaint in Utah but voluntarily dismissed her claims while Skullcandy's Motion to Dismiss was pending. *Julie Jones v. Skullcandy, Inc.*, District of Utah, Central Division, No. 2:25-cv-00184.  On June 4, 2025, Plaintiff re-filed in the Superior Court for the County of San Diego, No. 24CU029105C.  On July 9, 2025, Skullcandy timely removed the Complaint to this Court. Dkt. 1

Plaintiff's Complaint (Dkt. 1-2, "Compl.") is substantively and procedurally deficient.  First, Plaintiff fails to establish personal jurisdiction over Skullcandy in California.  Second, Plaintiff lacks standing because she has not alleged sufficient concrete and particularized harm.  Third, Plaintiff fails to state a claim under any of her causes of action, including where Plaintiff consented to any alleged conduct she complaints of.  Fourth, Plaintiff's Complaint should be dismissed or, in the alternative, transferred, based on improper venue and the doctrine of *forum non conveniens*.  Defendant's headquarters, where all of its business and operational decisions are made, are in Park City, Utah.  Moreover, Plaintiff has engaged in forum shopping in an attempt to find a jurisdiction that will be most favorable to her claims, instead of filing her claims in the most proper and convenient jurisdiction: the District of Utah.  Skullcandy respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety.

## II.    FACTUAL BACKGROUND

Defendant is an online retailer that sells headphones and audio equipment. *See* Compl. ¶¶ 1-2.  Skullcandy operates https://www.skullcandy.com and its

-1-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

accompanying subpages (the "Website") to market and sell its products. *See id*. Defendant is incorporated in the state of Delaware and its headquarters and principal place of business are located in Park City, Utah. Compl. ¶¶ 10; Declaration of Matthw Kepke ("Kepke Decl.") ¶¶ 4-5 and Ex. A.  The Website includes a "Terms of Service" applying to any use of Skullcandy's Website as well as a written "Privacy Policy," which includes a cookie policy. *See* Kepke Decl. ¶¶ 6-7 and Exs. B and C; Compl., ¶¶ 106-110.  Any individual, including Plaintiff, who visits the Website can access both policies. Kepke Decl., ¶ 7.

Plaintiff alleges she is a California resident whose information was sent to Google and Meta through her use of the Website. *See* Compl., ¶¶ 9, 119-124. Plaintiff claims Skullcandy installed software, created by Meta and Google, on the Website to identify visitors (the "Software"). *Id*.  Plaintiff also alleges she maintains accounts with Facebook (Meta) and Google using her real, personally identifiable information. *See* Compl., ¶¶ 116-118.  Plaintiff alleges the Software matches data about an individual who visits the Website, and who is also logged onto Facebook, to reconstruct the individual's identity. *See* Compl., ¶¶ 70-75.

## III.    ARGUMENT

### A.    Plaintiff Fails to Establish Personal Jurisdiction

To establish personal jurisdiction under Rule 12(b)(2), a plaintiff must either sufficiently allege: (1) general jurisdiction, such that a foreign corporation's contacts with California are so continuous and systematic as to render it essentially at home in the forum State, *CollegeSource, Inc. v. AcademyOne, Inc*., 653 F.3d 1066, 1074 (9th Cir. 2011); or (2) specific jurisdiction for each claim asserted. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

### 1.    <u>Plaintiff Does Not Establish General Jurisdiction</u>

Skullcandy is not subject to general jurisdiction in California.  A corporation will be deemed to be "at home" where it has its principal place of business or where it is incorporated. *Daimler AG v. Bauman*, 571 U .S . 117, 137 (2014).

-2-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

Skullcandy is incorporated in Delaware, with its principal place of business in Utah. *See* Kepke Decl. ¶¶ 3-4; Compl. ¶ 10.  Park City is where Skullcandy's high-level executives and officers are located. Kepke Decl. ¶ 4.  It is also where Skullcandy generally develops and promulgates its corporate-wide policies, procedures, and business strategies. *Id.*  Plaintiff does not, and cannot, allege any facts to indicate that Skullcandy has contacts with California that are so continuous and systemic as to render it essentially at home in California.

### 2.    Plaintiff Does Not Establish Specific Jurisdiction

Where general jurisdiction over a defendant does not exist, a court may exercise specific personal jurisdiction, but only if "the case arises out of certain forum-related acts." *Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004).  The Ninth Circuit's three-prong test for specific personal jurisdiction requires: (1) purposeful direction; (2) that Plaintiff's claim arises out of those activities; and (3) that the exercise of jurisdiction comports with fair play and substantial justice. *Id*.  If any of the three is not satisfied, "jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

While courts have found specific jurisdiction where a defendant allegedly knew consumers were located in California and nonetheless installed tracking software onto their devices in California, such analysis is not applicable to the allegations here. *See Briskin v. Shopify, Inc.*, 135 F.4th 739, 756 (9th Cir. 2025). Plaintiff does not allege Skullcandy collects data directly, and instead alleges the Website allows *third parties* to monitor customers' browsing data. Compl. ¶ 5. *Briskin* emphasized that the defendant, not a third-party, knew the location of consumers either prior to or shortly after installing its tracking software onto their devices. *Id*.  Here, there are no allegations Skullcandy knew the location of paticular devices, directed any particular conduct at California or California consumers, or compiled data on any particular California consumer and "marketed"

-3-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

that profile to California merchants. *See Shah v. Hilton Worldwide Holdings Inc.*, No. 25-CV-01018-EKL, 2025 WL 1683577, at *2 (N.D. Cal. June 11, 2025).

### a.    Plaintiff Fails to Allege Purposeful Direction

Skullcandy has not purposefully directed any conduct at California.  A defendant purposefully directs its activities toward the forum when it has: (1) committed an intentional act; (2) expressly aimed at the forum state; (3) causing harm that the defendant knows is likely to be suffered in the forum state. *Ayla, Ltd. Liab. Co. v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021).  Here, Plaintiff fails the second prong of the test which requires that activities be expressly aimed at California.  A defendant expressly aims its activities toward the forum state when the claim "arises out of or relates to the defendant's forum- related activities." *Schwarzenegger*, 374 F.3d at 802.  There must be an affiliation between the forum and the underlying controversy. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 264 (2017).  Operation of an interactive website does not, by itself, establish express aiming. *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1091-92 (9th Cir. 2023).  When website access is the sole jurisdictional contact alleged, the "analysis turns on whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience in the forum." *Id.*

The mere facts that Plaintiff resides in California, accessed Skullcandy's website, and sustained alleged privacy injuries is not enough to show Skullcandy expressly aimed claim-related conduct at California.  Indeed, California courts have routinely declined to extend personal jurisdiction to privacy claims when the allegations merely concern the browsing and use of a website. *See Zarif v. Hwareh.Com, Inc.*, No. 23-cv-0565, 2024 WL 1268167, at *4 (S.D. Cal. Mar. 25, 2025) (the "mere browsing and use of [d]efendant's website" was insufficient to establish express aiming); *Kauffman v. Home Depot, Inc.*, No. 23-cv-0259, 2024 WL 221434, at *3 (S.D. Cal. Jan. 19, 2024) (no personal jurisdiction over Home Depot for personal data tracking through Home Depot's website and online

-4-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

purchasing system); *Doe v. FullStory, Inc.*, No. 23-cv-00059, 2024 WL 188101, at *11 (N.D. Cal. Jan. 17, 2024) (holding that "something more" was needed in assessing whether a data processing company directed its activity toward California); *Ruth Martin v. Outdoor Network LLC*, No. 23-cv-09807, 2024 WL 661173, at *4 (C.D. Cal. Jan. 31, 2024).

Here, Plaintiff fails to allege any facts suggesting Skullcandy deliberately targeted its conduct towards California. Notably absent is any detailed account of a significant link between the harm alleged and California, aside from the fact that Plaintiff lives in California. There is no implication that Skullcandy had a California-specific focus or sought to engage with a California audience. Moreover, the Complaint does not allege that the Software or Website particularly emphasize or target California users. The conduct alleged is not expressly aimed at California or its residents, rather, any contacts with California are mere happenstance arising from California consumers' choice to do business with Skullcandy via the Website. There is no causal relationship between Plaintiff's privacy claims and Skullcandy aside from the general operation of a Website that reaches California residents.

### b.    *Claims Do Not Arise Out of or Relate to California Contacts*

The second prong of the analysis asks whether the plaintiff's claims "arise out of or relate to" the defendant's forum-related contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). Plaintiff does not plead any facts that show or suggest her claim arises out of or relates to Skullcandy's California contacts. Instead, Plaintiff merely alleges the Website is accessed by users throughout California and the United States and that Skullcandy does considerable business through its Website in California. Compl. ¶ 11. The mere access to, and sales from, the Website in the state is not sufficient to establish that Plaintiff's claims "arose out of" Skullcandy's California contacts. Skullcandy's deployment and management of the Website are carried out at Skullcandy's

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

corporate headquarters in Utah. *See* Kepke Decl. ¶ 4. Plaintiff's claims do not arise out of or relate to Skullcandy's California contacts.

### c.    *Exercising Jurisdiction in California Would Be Unreasonable*

To determine reasonableness, the Ninth Circuit analyzes the following seven factors: (1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007).

On balance, the factors here do not favor any exercise of jurisdiction over Skullcandy in California. Factor 1, purposeful interjection, is analogous to the purposeful direction factor. *Id.* As discussed, Skullcandy did not purposefully direct its conduct at California. *Id.* As to factor 2, there would be an undue burden on Skullcandy in defending the suit in California because Skullcandy's executive offices are located outside of California. Kepke Decl. ¶ 4. Factor 3 is neutral as it does not apply to disputes between U.S. citizens that are largely based on federal law. *Brand v. Menlove Dodge*, 796 F.2d 1070, 1076 n.5 (9th Cir. 1986). As to factor 4, any decisions that would have led to Plaintiff's alleged injury would have occurred in Utah, not California, limiting California's interest in adjudication. *See* Kepke Decl. ¶ 4. As to factors 5 and 6, Skullcandy's witnesses and evidence related to this dispute are located in Utah. *Id.* Finally, as to factor 7, an alternative forum exists: Utah. *Id.* ¶¶ 3-4, 8-9. Because factors 1, 2, and 4-7 favor Skullcandy, exercising jurisdiction over Skullcandy would be unreasonable.

### B.    Plaintiff Lacks Standing Because She Does Not Allege Concrete Harm

Under, Fed. R. Civ. P. 12(b)(1), a court may dismiss a complaint for lack of subject matter jurisdiction if the plaintiff does not establish Article III standing. *See*

-6-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

*Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). For standing, a plaintiff must establish an injury that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  With statutory claims, there is no standing absent a "plaintiff's suffering of concrete harm." *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190, 2205 (2021); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016); *Dugas v. Starwood Hotels & Resorts Worldwide, Inc.,* No. 3:16-cv-00014-GPC-BLM, 2016 WL 6523428, at *2-3 (S.D. Cal. Nov. 3, 2016).  A plaintiff does not satisfy the injury in fact requirement just because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Trans Union LLC*, 141 S. Ct. at 2205.  "Article III standing requires a concrete injury even in the context of a statutory violation," and "an injury in law is not an injury in fact." *Id.*  Accordingly, for standing, each plaintiff must "identify the specific personal information" that "implicates a protectable privacy interest" that was then intercepted by or improperly disclosed to a third party. *Byars v. Sterling Jewelers, Inc.*, No. 5:22-cv-01456, 2023 WL 2996686, at *1-3 (C.D. Cal. Apr. 5, 2023) (finding lack of standing where "[p]laintiff does not identify any personal or sensitive information she disclosed on the website").

Here, no such concrete injury exists.  Plaintiff fails to allege any harm—physical, economic, or otherwise—resulting from her use of the Website.  Instead, Plaintiff offers only the conclusory allegation that Skullcandy "aided, agreed with, employed, permitted, or otherwise enabled Google and Meta to wiretap Plaintiff and Class members using the Tracking Technologies and to accomplish the wrongful conduct at issue here" (Compl., ¶ 147) and Skullcandy "used Google's Analytics and Meta's Business Tools to allow Google, and Meta to eavesdrop upon and record the confidential communications of Plaintiff and Class Members, on the one hand, and Defendant, on the other" (*Id.* at ¶ 156).  In other words, Skullcandy is purportedly liable for eavesdropping on its own conversation with Plaintiff and

-7-

for agreeing with the allegedly unlawful actions of Google and Meta.  These bare allegations of statutory violations are insufficient to confer standing.

Plaintiff cannot establish the injury-in-fact requirement even in the context of a statutory violation.  Plaintiff fails to identify any specific personal information that could possibly implicate any harm to her privacy by the alleged conduct.  She alleges that her "electronic communication" was intercepted and Skullcandy's "confidential communication" with her was eavesdropped upon. *See* Compl., ¶¶ 145, 156.  She fails to plead how such actions harmed her privacy interests, particularly in light of the fact that she admits to giving the same personally identifiable information to both Meta and Google and maintaining this third-party access for years. *See* Compl., ¶¶ 116-117.  For this reason alone, the Complaint should be dismissed. *See Massie v. General Motors, LLC*, No. 21-787-RGA, 2022 WL 534468, at *5 (D. Del. Feb. 17, 2022) (granting motion to dismiss for lack of standing where plaintiffs failed to explain how defendant's possession of data regarding plaintiffs' browsing activities harmed privacy interests).

In addition, Plaintiff cannot satisfy Article III's injury-in-fact requirement because, as discussed further herein, Plaintiff consented to the alleged conduct she complaints of.  The Website clearly displays a link to its Privacy Policy and cookie policy, which inform visitors regarding any tracking technologies. *See* Kepke Decl., Ex. C; *see also* Compl., ¶ 110.  Plaintiff suffered no injury under the statute or Article III, where, at a minimum, she impliedly consented to the challenged conduct.

**C.     Plaintiff Fails to State a Claim Under Fed. R. Civ. P. FRCP 12(b)(6)**

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  The plausibility standard demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Rather, the

-8-

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  On a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  A court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).  Further, conclusory allegations of law are not sufficient to defeat a motion to dismiss. *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### 1.     <u>**Plaintiff Fails to State a Claim for Violation of the CIPA**</u>

Plaintiff brings two claims under the CIPA: one based on wiretapping (Cal. Penal Code § 631), and the other based on eavesdropping (Cal. Penal Code § 632). Section 631 prohibits the intentional or willful interception of information "without the consent of all parties to the communication." Cal. Penal Code § 631(a). Section 632 prohibits using a recording device to eavesdrop on a confidential communication "but excludes an individual known by all parties to a confidential communication to be overhearing or recording the communication." Cal. Penal Code § 632(a-b).

### a.     *Plaintiff Consented to Any Activity Alleged*

Plaintiff's consent to Skullcandy's Terms of Service and Privacy Policy negates the applicability of either CIPA statute as a matter of law.  Section 631(a) applies only to an "unauthorized" interception made "without the consent of all parties" to the communication. *See also Smith v. Facebook, Inc.,* 262 F. Supp. 3d 943, 954, 956 (N.D. Cal. 2017) (dismissing CIPA claim because of plaintiffs' consent to policies disclosing the "precise conduct at issue"), aff'd 745 F.App'x 8 (9th Cir. 2018)).

The exact conduct Plaintiff complains of was explicitly disclosed to her in Skullcandy's Privacy Policy, as acknowledged in the Complaint. *See* Privacy

-9-

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

Policy (Kepke Decl., Ex. C), pp. 2-3; *see also* Compl., ¶¶ 103, 107-108. Plaintiff's consent defeats her claims. *See* Cal. Penal Code §§ 631, 632 (creating an exception to liability when a user consents). Plaintiff admits that "Skullcandy's Cookie Policy explains that cookies and similar technologies may be used to collect and share user data with third-party partners for analytics and advertising." Compl., ¶ 103. And Plaintiff admits Skullcandy's "Cookie Policy" can be found on the Website's homepage. Compl., ¶¶ 107-109. As shown in the Terms of Service and Privacy Policy, the link to this Cookie Policy scrolls at the bottom of the page as the user scrolls. Kepke Decl., Exs. B and C. Moreover, the Website expressly states where it links and references the policy: "By using our site you agree to our Cookie Policy." *Id.*; Compl., ¶¶ 107-109. She also admits that Skullcandy's Terms of Service and Privacy Policy are located on Skullcandy's homepage, "which a user would see upon entering [the] Website." Compl. ¶¶ 107-109. Plaintiff attempts read into the statute a more heightened standard of consent than what the statute requires. *See* Compl., ¶¶ 103-106. Plaintiff complains that she was not clearly informed that such disclosures "might occur in real time," that her consent was not "distinct or conspicuous," and that the notice of consent was provided in "small font." *Id.* However, the subject statute does not provide any such requirements for real-time disclosure that is distinct or conspicuous in large font.

Indeed, courts consistently hold that terms of service and privacy policies "can establish consent to the alleged conduct challenged under various states wiretapping statutes and related claims" at the motion to dismiss stage. *Silver v. Stripe Inc.,* No. 4:20-CV-08196-YGR, 2021 WL 3191752, at *4 (N.D. Cal. July 28, 2021) (collecting cases under similar CIPA claims). Plaintiff's threadbare allegations of lack of consent (Compl., ¶¶ 102-114) are not entitled to any weight. *See, e.g., Iqbal*, 556 U.S. at 678 (threadbare recitals of the elements, supported by mere conclusory statements, do not suffice).

-10-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Consent is a defense to CIPA claims and may be disposed of on a motion to dismiss. *Lakes v. Ubisoft, Inc.*, No. 24-CV-06943-TLT, 2025 WL 1036639, at *8 (N.D. Cal. Apr. 2, 2025).  Plaintiff's consent to the Website's Terms and Privacy Policy included consent to the Software alleged to be at issue.  A contract entered on the internet is enforceable if it puts a website user on actual or inquiry notice of the site's terms. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1177 (9th Cir. 2014).  It is enough that "a plaintiff is provided with an opportunity to review the terms of service in the form of a hyperlink"; if that exists, the plaintiff has agreed to "[a] binding contract." *Moretti v. Hertz Corp.,* No. C 13-02972 JSW, 2014 WL 1410432, at *2 (N.D. Cal. Apr. 11, 2014); *Javier v. Assurance IQ, LLC* (*Javier I*), No. 4:20-CV-02860-JSW, 2021 WL 940319, at *3-4 (N.D. Cal. Mar. 9, 2021).

The express disclosures throughout the Privacy Policy and the Terms of Service are sufficient to put a reasonable person, including Plaintiff, on notice regarding any alleged use of the Software; that the data collected from this technology may be shared with third parties; and that the technology is used to promote site functionality and for marketing. *See* Kepke Decl. Exs. B-C. Accordingly, Plaintiff's claims must be dismissed. *See, e.g., Smith v. Facebook, Inc.,* 745 F. App'x 8, 8-9 (9th Cir. 2018); *Garcia v. Enter. Holdings, Inc.,* 78 F. Supp. 3d 1125, 1136 (N.D. Cal. 2015).

### b. *Plaintiff Cannot Apply Wiretapping Statute to the Website*

Plaintiff's attempt to shoehorn the use of the Software into the definition of wiretapping both conflicts with CIPA's compliance provisions and threatens to create absurd public policy outcomes.  Her claim under this statute is essentially an aiding and abetting claim wrapped up in wiretapping language.

California's wiretapping statute proscribes three distinct behaviors and "mutually independent patterns of conduct." *R.C. v. Sussex Publishers, LLC*, No. 24-CV-02609-JSC, 2025 WL 948060, at *7 (N.D. Cal. Mar. 28, 2025) (*quoting Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (Cal. 1978)).  It also imposes

-11-

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

liability on anyone who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, permit, or cause to be done any of the prohibited acts. *Id.* In order to state any such claim for "aiding and abetting," Plaintiff must first allege a predicate violation under one of the three underlying wiretapping acts: (1) using an instrument or machine to make an unauthorized connection; (2) willfully attempting to learn the contents or meaning of a message while it is in transit without the parties' consent; or (3) using communication or information illegally gained. *Id.* (*quoting Yockey v. Salesforce*, 688 F. Supp. 962, 970 (N.D. Cal. 2023)).

The first does not apply to the internet, so it cannot support Plaintiff's claims. *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 999 (N.D. Cal. 2024). The third is contingent on finding that there was a violation of one of the first two predicate violations. *Id*. Accordingly, Plaintiff must find an underlying violation of the second clause, which required the alleged eavesdropping to occur "while the [communication] is in transit." Cal. Penal Code § 631(a). **While** is the key word. *R.C. v. Sussex Publishers, LLC*, 2025 WL 948060, at *7 (N.D.Cal., 2025) (emphasis added). Dismissal is appropriate where the timeline of automatic recording and transcription is unclear. *Id*.

The relevant analysis is whether the third party eavesdropper attempted to decipher the information during transit, not later.[1] *See James v. Allstate Ins. Co.*, No. 23-CV-01931-JSC, 2023 WL 8879246, at *3 (N.D. Cal. Dec. 22, 2023) ("Plaintiff's allegation that ... 'data is stored or can be accessed by [Defendant]' is insufficient to support a plausible inference [Defendant] attempted to read or learn the contents of the communication while in transit."). "Intercept" has a narrow definition, for a communication to be intercepted in violation of this statute, it must be acquired during transmission, not while it is in electronic storage. *Boulton v. Community.com, Inc.*, No. 23-3145, 2025 WL 314813, at *1 (9th Cir. Jan. 28,

---

[1] *Valerie Torres & Rhonda Hyman v. Prudential Financial, Inc.*, No. 22-CV-07465 (CRB), 2025 WL 1135088, at *6 (N.D. Cal. Apr. 17, 2025).

-12-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

2025). Dismissal is proper when the plaintiff fails to allege the relevant information was acquired in transit. *Id.*

Here, Plaintiff fails to state a claim indicating broadly what communication and/or information Meta and Google is said to have intercepted. This alone is insufficient to survive a motion to dismiss. Additionally, Plaintiff must also allege that the third-party interceptor both attempted to read and learn the contents of the communication and that it happened ***while in transit***—not later. Plaintiff does not do so, and her Section 631(a) claim cannot survive.

### c. *Plaintiff Cannot Apply Eavesdropping Statute to the Website*

A party to the communication is exempt from CIPA liability because "parties to a conversation cannot eavesdrop on their own conversation." *Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022). Yet, Plaintiff alleges a third party eavesdropped on confidential communications between herself and Skullcandy, thereby making Skullcandy liable. Compl., ¶ 156. In reciting the bare elements of California Penal Code § 632(a), Plaintiff, for the first time, characterizes her communication as confidential to satisfy pleading requirements. But to constitute a confidential communication under the statute, a party must have "an objectively reasonable expectation that the conversation is not being overheard or recorded." *Smith v. YETI Coolers, LLC*, 754 F. Supp. 3d 933, 943 (N.D. Cal. 2024). "Internet communications do not have an objectively reasonable expectation of confidentiality, especially if those communications can be easily shared by recipients of the communications." *Yoon v. Meta Platforms, Inc.*, No. 24-CV-02612-NC, 2024 WL 5264041, at *6 (N.D. Cal. Dec. 30, 2024) (citing *Brown v. Google LLC*, 685 F. Supp. 3d 909, 938 (N.D. Cal. 2023); *See Campbell v. Facebook Inc.*, 77 F. Supp. 3d 836, 849 (N.D. Cal. 2014)). A complaint must allege "something unique about these particular internet communications" to

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

justify why they are considered confidential. *Id.* (quoting *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d at 799).

Plaintiff makes a single conclusory allegation that the communication intercepted by Google and Meta was confidential. However, Plaintiff fails to identify the specific communication that was intercepted and what made it confidential. To the contrary, Plaintiff admits to having multi-year relationships with Google and Meta (through Facebook) where she provided some of the exact same personally identifiable information that she now claims is confidential. Compl. ¶¶ 116-118. Plaintiff's conclusory assertion that her communication with Skullcandy was confidential is controverted by her own admissions. The California Penal Code § 632 claim should also be dismissed.

### d.      No Expectation of Privacy

Plaintiff further fails to allege she had any reasonable expectation of privacy in any alleged communications at issue. When a plaintiff files a claim for invasion of privacy despite acting as one who "actively seeks out privacy violations," the plaintiff cannot have an expectation of privacy when engaging with a site that allegedly "accessed, recorded, and disclosed" her personal information because she met her own expectations of her privacy being invaded by the site. *Rodriguez v. Autotrader.com, Inc.*, No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787, at *1 (C.D. Cal. Apr. 4, 2025) (the plaintiff had no expectation of privacy when she visited the defendant's website; she visited and entered information into the defendant's website expecting the information to be accessed, recorded, and disclosed, she could not claim an injury in fact sufficient to establish standing when her expectations were ultimately met.) Plaintiff is acting as such, and is actively seeking privacy violations, demonstrable through six other proceedings filed by Plaintiff alleging similar violations of CIPA to those at issue here

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-14-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

regarding each respective defendant's website.[2]  Without any reasonable expectation of privacy, Plaintiff's CIPA claims fail as a matter of law.

### e.    CIPA Claims Are Impermissibly Vague

Plaintiff's CIPA claims fail by being impermissibly vague.  Plaintiff's failure to allege that Skullcandy's challenged conduct occurred in California violates the presumption against extra-territorial application of California law.

Fed. R. Civ. P. 8, requires the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 545.  Plaintiffs must identify "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff's CIPA claims fail because they do not apply to extraterritorial conduct.  Nothing in CIPA displaces the "strong presumption against the extra-territorial application of California law." *Brackett v. Am. Airlines Grp. Inc.*, No. 21-cv-02681-HSG, 2022 WL 282529, at *2 (N.D. Cal. Jan. 31, 2022) (citing *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191 (2011)).  Indeed, CIPA's intent is "to protect the right of privacy of the people of *this* state." Cal. Penal Code § 630 (emphasis added).  Had the California legislature intended to provide for CIPA's extraterritorial application, it would have done so expressly.  It did not.  Courts applying California law must presume the Legislature did not intend a statute to be operative, with respect to occurrences outside the state unless such intention is

---

[2] *See* Concurrently Filed Request for Judicial Notice at p. 2-3; *Jones v. Peloton Interactive, Inc.*, 3:23-cv-01082-LAB-BGS (S.D. Cal.); *Jones v. Tonal Systems, Inc.*, 37-2023-00023025-CU-CO-CTL (San Diego County Superior Court); *Jones v. Peloton, Inc.*, 37-2023-00023416-CU-CO-CTL (San Diego County Superior Court); *Jones v. IFIT, Inc. d/b/a NordicTrack*, 3:23-cv-00979-L-WVG (S.D. Cal.); *Jones v. ERGATTA, Inc.*, 3:23-cv-00983-LL-AHG (S.D. Cal.); *Jones v. ARHAUS, LLC*, 3:23-cv-00984-BTM-JLB (S.D. Cal.).

-15-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history. *Sullivan*, 51 Cal. 4th at 1207.

Plaintiff fails to state any CIPA claim because she does not factually allege that any of the activity alleged took place in California. Although Plaintiff alleges that she resides in California and purports to limit her subclass for the CIPA claim to "persons within California," Plaintiff fails to allege that any data was captured in California. *See* Compl., ¶¶ 116-124; *Hammerling v. Google LLC*, No. 21-cv-09004-CRB, 2022 WL 17365255, at *11 (N.D. Cal. Dec. 1, 2022) (dismissing plaintiff's CIPA claim because plaintiffs "fail to allege that the data in question was intercepted in California, as is required under the CIPA"). Plaintiff alleges Skullcandy disclosed communications and other information to Google and Meta. *See* Compl., ¶ 121. However, she admits that Skullcandy maintains its principal place of business in Utah and "a substantial portion of the events, acts, and omissions giving rise to Plaintiff's claims" occurred *in* Utah. *See* Compl., ¶¶ 14-15; and District of Utah Compl. at *id.* Plaintiff fails to allege the challenged conduct occurred in California, and her CIPA claims should be dismissed.

### 2.    Plaintiff Fails to State a Claim for Unjust Enrichment

Plaintiff's unjust enrichment claim also fails as a matter of law. There is no separate stand-along cause of action in California for unjust enrichment. Rather, "unjust enrichment is not a cause of action, just a restitution claim." *Hill v. Roll Int'l Corp.*, 195 Cal. App. 4th 1295, 1307 (2010). Further, Plaintiff does not plead any facts pursuant to her unjust enrichment claim that are distinguishable from the allegations under her CIPA claim. As the Complaint cannot state a claim under the CIPA, Plaintiff's unjust enrichment claim should also be dismissed.

### D.    *Forum Non Conveniens* Dismissal is Appropriate

Courts have the power to dismiss an action under the *forum non conveniens* doctrine. *Ayco Farms, Inc. v. Ochoa*, 862 F.3d 945, 948 (9th Cir. 2017). For such dismissal, the court considers: (1) whether an adequate alternative forum exists;

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-16-

and (2) whether the balance of private and public interest factors favor dismissal. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 254 n. 22, 257 (1981).  This determination is within the sound discretion of the district court and may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing from these factors is reasonable, its decision deserves substantial deference. *Creative Tech. Ltd. v. Aztech Sys. Pet., Ltd.,* 61 F.3d 696, 699 (9th Cir. 1995).  A citizen's forum choice "should not be given dispositive weight.... [I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper.'" *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1449 (9th Cir. 1990) (quoting *Piper Aircraft,* 454 U.S. at 256 n. 23).

### 1.    Utah Provides an Adequate Alternative Forum

Whether an adequate alternate forum exists turns on whether "the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." *Piper Aircraft Co.,* 454 U.S. 235 at 254.  This can be satisfied when: (1) the defendant is amenable to service of process in the alternative forum; and (2) the other jurisdiction offers a satisfactory remedy. *Id.* at n. 22; *Leetsch v. Freedman,* 260 F.3d 1100, 1103 (9th Cir. 2001).  Skullcandy is amenable to service of process and submitting to jurisdiction in Utah as the location of its principal place of business is located. Kepke Decl., ¶¶ 8-9.  Utah provides a judiciary capable of adjudicating alleged claims of unjust enrichment and violations under the CIPA and of granting relief.  Since Plaintiff's claim would remain unchanged substantively, Utah is an adequate alternative forum.

### 2.    Both Public and Private Factors Weigh in Favor of Dismissal

On balance, the private and public interest factors weigh in favor of dismissal as it would be unnecessarily burdensome to litigate in California.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-17-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

#### a.    *Private Factors*

In evaluating the private interest factors, courts consider: (1) the residence of the parties and witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the judgment enforceability; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Bos. Telecommunications Grp., Inc. v. Wood*, 588 F.3d 1201, 1206–07 (9th Cir. 2009).  Here, private interest factors favor Utah as the more convenient forum.  Skullcandy's principal place of business is located in Utah. Kepke Decl., ¶ 4.  Plaintiff does not allege Skullcandy's Website specifically targets residents of California.  All material witnesses and documents related to Skullcandy's business activities are located in Utah, and it would be costly to have these witnesses and documents travel to California. Kepke Decl., ¶¶ 4, 10-11.  It would be prohibitively expensive for Skullcandy to be forced to defend this case in California. *Id.*  Notably, Plaintiff originally filed her claims in Utah and voluntarily dismissed to forum shop while Skullcandy's Motion to Dismiss was pending.  In sum, litigating in Utah would be more convenient.

#### b.    *Public Factors*

Under the applicable public interest factors, a court should consider: (1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum. *Bos. Telecommunications Grp., Inc.*, 588 F.3d 1201 at 1211.

Utah has a greater local interest.  The "locus of operative facts" here occurred in Utah.  *United States ex rel. Cody v. Mantech Int'l Corp.*, No. CV 13-9173 FMO (SSX), 2016 WL 10537807, at *5 (C.D. Cal. Feb. 9, 2016) (citing Wright & Miller, 15 Federal Practice and Procedure § 3854, at 360-61) ("[T]he administration of justice is better served when the action is litigated in the forum

-18-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

that encompasses the locus of operative facts and thus may have a particular interest in the proper resolution of the dispute.") Skullcandy's principal place of business and headquarters where its operational and business decisions are made is located in Park City, Utah. Kepke Decl., ¶ 4. This includes computer servers, evidence, and documents related to the instant action. Kepke Decl., ¶¶ 4, 11. Additionally, Plaintiff does not allege a specific instance where Skullcandy targeted a California resident in connection with the alleged CIPA claims. This factor favors dismissal.

Further, Utah is familiar with and can adjudicate the governing law. Though Plaintiff alleges a violation of a California state law, "courts in [one state] are fully capable of applying [another state's] substantive law." *Metz v. U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009). In addition, it seems likely that the resolution of this action will depend less on expertise in California law and more on the court's fact-finding function. *See Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1215 (S.D. Cal. 2013). As Utah is capable of applying California state law, this factor favors dismissal of this matter.

Burden on the courts and congestion also favor dismissal. It would be unnecessarily burdensome for this Court to adjudicate every alleged violation of the CIPA by an out-of-state corporation that arises out of alleged conduct with no connection to California. *See Doe v. Geller,* 533 F.Supp.2d 996, 1009 (N.D. Cal. 2008) ("The Northern District of California is not an international court of internet law."). Plaintiff has not identified any specific alleged CIPA violation that Skullcandy aimed at consumers in California. Rather, Plaintiff merely states that Skullcandy does "considerable business" through its Website in California. Compl. at ¶ 11. This action would impose significant costs on the Court and will only add to the Court's already congested and overburdened docket, despite a lack of any conduct directed at or occurring in California.

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-19-

**E.**    **Venue is Improper under Rule 12(b)(3) and 28 U.S.C. § 1406**

    **1.**    **The Complaint Should Be Dismissed for Improper Venue**

Fed. R. Civ. P. 12(b)(3) permits dismissal of an action for "improper venue." Additionally, 28 U.S.C. § 1406(a) states: "[T]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  On a Rule 12(b)(3) motion, the court does not need to accept the pleadings as true and may consider facts outside of the pleadings. *Matter of Star & Crescent Boat Co., Inc.*, 549 F. Supp. 3d 1145, 1154 (S.D. Cal. 2021).  "Once a defendant has challenged venue, the plaintiff bears the burden of showing venue is proper." *Id.*  Venue may be proper in: (1) a judicial district in which the defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C.A. § 1391.

Plaintiff alleges venue is appropriate because "a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred in this County, and because Plaintiff resides in this County." Compl. at ¶ 14.  Except for this conclusory allegation, Plaintiff fails to plead how a "substantial part" of the alleged CIPA violation occurred in San Diego County merely because Plaintiff lives here. Defendant is incorporated in Delaware and its principal place of business is in Park City, Utah. Kepke Decl., ¶ 14.  Defendant does not manage its website in this County, and Plaintiff does not allege that any Software was deployed from this County.  Plaintiff does not even allege that she was in this County when she purportedly accessed the Website.  Moreover, Plaintiff initially filed her claims in Utah, voluntarily dismissed her claims, and then subsequently filed this matter in the San Diego County Superior Court. *See* Concurrently Filed Request for Judicial Notice at p. 3.  In the Utah Complaint, Plaintiff alleged that "a substantial part of the events, acts, and omissions giving rise to Plaintiff's claims occurred herein."

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-20-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

*See id.*, citing plaintiff's Utah Complaint at ¶ 15.  Plaintiff cannot have it both ways.  Venue is improper, and it is within the Court's discretion to dismiss.

### 2.    Alternatively, this Matter Should be Transferred

Venue in this case is proper in the District Court for the District of Utah.  28 U.S.C. § 1404(a) permits district courts to transfer a civil matter "to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The purpose of § 1404(a) is to prevent the waste of time, energy, and money to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Hawkins*, 924 F. Supp. 2d at 1212.  A motion to transfer under 28 U.S.C. § 1404(a) does not concern whether and where an action may be properly litigated, it relates solely to where the matter *should* be litigated to best serve the interests of judicial economy and convenience to the parties. *Injen Tech. Co. v. Advanced Engine Mgmt., Inc.*, 270 F. Supp. 2d 1189, 1193 (S.D. Cal. 2003).  Here, Defendant's principal place of business is in Park City, Utah. Kepke Decl., ¶ 4.  A substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Utah. *Id.* at ¶¶ 4, 11. Thus, venue is proper in Utah pursuant to 28 U.S.C. § 1391(b)(2) and (3).

### a.    *Public and Private Factors Favor Transfer*

Once venue is determined to be proper in the transferee district, "in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a); *Decker Coal Co. v. Commonw. Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). Such factors include the: (1) plaintiff's choice of forum; (2) convenience of the parties and witnesses; (3) ease of access to the evidence; (4) familiarity of each forum with applicable law; (5) feasibility of consolidation with other claims; (6) local interest in the controversy; and (7) the relative court congestion and time of trial. *Hawkins*, 924 F. Supp. 2d at 1213.  Each factor weighs in favor of transfer here.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

i.      Plaintiff Has Engaged in Forum Shopping

Plaintiff has engaged in forum shopping; thus, Plaintiff's choice of forum should be afforded little deference and supports a transfer of venue. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) ("The general rule is that a plaintiff's choice of forum is afforded substantial weight…[b]ut, '[t]he degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the plaintiff does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint.'"); *Heartland Payment Sys., Inc. v. Mercury Payment Sys., LLC*, No. C 14-0437 CW, 2014 WL 5695051, at *4 (N.D. Cal. Nov. 4, 2014) (Evidence of forum-shopping supports a defendant's motion to transfer venue).  Plaintiff initially filed her claims in the District of Utah and then voluntarily dismissed those claims on May 28, 2025. *See* Concurrently Filed Request for Judicial Notice at p. 3.  Plaintiff then re-filed this matter in California on June 4, 2025. *See* Compl.

Additionally, in class actions, a plaintiff's choice of forum is often awarded less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir.1987) ("Although great weight is generally accorded plaintiff's choice of forum ... when an individual ... represents a class, the named plaintiff's choice of forum is given less weight."). Similarly, if the transactions giving rise to the action lack a significant connection to the plaintiff's chosen forum, the plaintiff's choice of forum is given considerably less weight. *See Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir.1968) (a plaintiff's choice of forum commands less consideration where the operative facts have not occurred within the forum and the forum has no particular interest in the parties or subject matter).  Here, since this is a class action and Plaintiff has engaged in forum shopping, this factor weighs in favor of transfer.

ii.      Transfer Best Serves the Convenience of the Parties

The convenience of the parties is also better served in the District of Utah. Plaintiff concedes that Skullcandy is "a Delaware corporation with its principal

-22-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

place of business [in]…Park City, Utah." Compl. at ¶ 10.  Other than a conclusory allegation that Skullcandy has purposefully directed its nationwide online retail business at California and California residents, Plaintiff fails to allege any specific instances of Skullcandy's business activities in San Diego County. *See id.*  In fact, Skullcandy's presence in and connection to this forum related to the operative facts of Plaintiff's claims is virtually nonexistent.  Skullcandy's headquarters and principal place of business are located in Utah, which is where Skullcandy generally develops and promulgates its corporate-wide policies, procedures, and business strategies. Kepke Decl., ¶ 4.  None of Skullcandy's employees, records, or operations related to Plaintiff's claims are located in this District. *See id.* at ¶ 11. Because Defendant's operations and business decisions at issue were developed and determined in Utah, transfer is appropriate for the convenience of the parties. *See, e.g., Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d 1088, 1095 (N.D. Cal. 2013) (granting transfer because key decisions regarding advertising of products were made by officers and employees in the transferee district.)

                    iii.    Transfer Best Serves the Convenience to the Witnesses

    Not only is the District of Utah convenient for the parties, it is also convenient for the potential witnesses.  Courts assign primary consideration to third party witnesses rather than employee witnesses. *Hawkins*, 924 F. Supp. 2d at 1215 (quoting *Kannar v. Alticor, Inc.,* No. 08–5505, 2009 WL 975426 (N.D. Cal. Apr. 9, 2009)).  However, courts consider various factors to determine the convenience to witnesses, like the number of witnesses, witnesses' locations, and the nature and quality of the witnesses' testimony with respect to the issues of the case.  *Id.*

    As Plaintiff's claims hinge on the alleged actions of Defendant, the District of Utah will be more convenient for witnesses since the majority of material witnesses and evidence are located in Utah. Kepke Decl. ¶¶ 4, 11.  Additionally, the material allegations concern activities and business decisions that occurred or were made in Utah. *Id.*  A substantial amount of material witnesses that will be

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-23-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE

able to testify will be related to Skullcandy, not Plaintiff, and will be located in Utah. *Id.*  Thus, the convenience of potential witnesses is best served through transferring this matter to the District of Utah.

iv.    Transfer Eases Access to Evidence

There is greater ease of access to sources of proof in Utah since most of the evidence at issue in this case is located at Defendant's corporate headquarters and on Defendant's servers. *See Leetsch*, 260 F.3d at 1104-05 (affirming transfer to forum where "most sources of evidence on the issues will likely be located…"). Most of the evidence in this case, including documents and witnesses, is located in Utah. Kepke Decl. ¶¶ 4, 11.  This factor weighs in favor of transfer.

v.    Familiarity with Applicable Law

Although Plaintiff alleges violation of the CIPA, a California state law, "courts in [one state] are fully capable of applying [another state's] substantive law." *Metz*, 674 F. Supp. 2d at 1148.  In addition, it seems likely that the resolution of this action will depend less on expertise in California law and more on the court's fact-finding function. *See Hawkins*, 924 F. Supp. 2d at 1215.  This factor also weighs in favor of transfer.

vi.    Local Interest in the Controversy

The District of Utah also has greater connection to the parties and to the facts of this case to justify transfer.  "[T]he administration of justice is better served when the action is litigated in the forum that encompasses the locus of operative facts and thus may have a particular interest in the proper resolution of the dispute." *United States ex rel. Cody*, 2016 WL 2754249 at *5 (citing Wright & Miller, at 360-61). Here, the "locus of operative facts" occurred in the District of Utah, thus Utah has a greater connection to the operative facts and a greater "interest in the proper resolution of the dispute." *Id*.  Additionally, Plaintiff initially filed her claims in the District of Utah before voluntarily dismissing and then re-filing them in the San

-24-

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

Diego County Superior Court. *See* Concurrently Filed Request for Judicial Notice at p. 3; *and see* Compl.  Utah has a greater connection to this case.

Further, a court located in the same district as an entity's headquarters has an interest in preventing further violations of law, especially violations where the actions and decision were made in the court's district. *Hawkins*, 924 F. Supp. 2d at 1216.  Thus, "the crux of the present case lies not in California," "but in [Utah], the state where [Defendant] is headquartered." *See Hawkins*, 924 F. Supp. 2d at 1216.  This factor too weighs in favor of transfer.

vii.    Administrative Considerations

As for the congestion of courts, "[t]he real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1337 (9th Cir. 1984); *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1167 (S.D. Cal. 2005).  As of the December 2024 term, from the time of filing to the completion of trial, the District Court for the Southern District of California took a median total of 37.3 months, whereas the District Court of District of Utah took only 30 months.[3]  Thus, this factor also weighs in favor of a transfer.

### IV.    CONCLUSION

For each of the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss, or in the alternative, grant its request to transfer venue.

---

[3] *See* https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distcomparison1231.2024.pdf (last visited July 11, 2025).

-25-

Dated: July 16, 2025          Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
Craig J. Mariam
Alison M. Pringle
Attorneys for Defendant
SKULLCANDY, INC.

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-26-

## CERTIFICATION OF SERVICE

I hereby certify that on July 16, 2025, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this document through the court's CM/ECF System.

By: */s/ Craig J. Mariam*
Craig J. Mariam

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-27-

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT SKULLCANDY, INC.'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, TO TRANSFER VENUE