CRAIG J. MARIAM  (SBN:  225280)
cmariam@grsm.com
ALISON M. PRINGLE  (SBN:  319995)
apringle@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone:  (213) 270-7856
Facsimile:  (213) 680-4470

Attorneys for Defendant
SKULLCANDY, INC.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE JONES, *individually on behalf of herself and all others similarly situated,*<br><br>                                  Plaintiff,<br><br>        vs.<br><br>SKULLCANDY, INC.,<br><br>                                  Defendant. | Case No. 3:25-cv-01759-JLS-BLM<br><br>Hon. Judge Janis L. Sammartino<br><br>*[Removed from San Diego County Superior Court, Case No. 25CU029105C]*<br><br>**DEFENDANT SKULLCANDY, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF STANDING [FRCP 12(B)(1)]; LACK OF PERSONAL JURISDICTION [FRCP 12(B)(2)]; IMPROPER VENUE [FRCP 12(B)(3)], FAILURE TO STATE A CLAIM [FRCP 12(B)(6)], AND FORUM NON CONVENIENS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE**<br><br>Hearing Date: September 11, 2025<br>Time: 1:30 p.m.<br>Dept: 4D<br><br>Action Filed: June 4, 2025<br>Trial Date: None Set |

-1-
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Skullcandy, Inc. ("Skullcandy") respectfully submits the following Reply in Support of its Motion to Dismiss Plaintiff Julie Jones' Complaint (the "Motion").

## I.    INTRODUCTION

Plaintiff's Opposition and the underlying Complaint fail to overcome the various grounds for dismissal set forth in the Motion. Plaintiff's Opposition fails to identity allegations in the Complaint sufficient for the Court's exercise of jurisdiction over Skullcandy. Plaintiff simply fails to allege that any of Skullcandy's alleged actions at issue occurred in California, specifically targeted California residents, or that such activity arises out of any forum-related contacts. Plaintiff also remains unable to state a claim under the California Invasion of Privacy Act ("CIPA") §§ 631 and 632 or for Unjust Enrichment. Plaintiff fails to establish standing, fails to overcome her consent to Skullcandy's Terms of Service and Privacy Policy, and fails to indentify any of her confidential personal information that was allegedly compromised. Skullcandy respectfully reiterates its request that this Court dismiss the Complaint in its entirety.

## II.    ARGUMENT

### A.    Plaintiff Cannot Establish Personal Jurisdiction

Only specific jurisdiction is at issue[1], and Plaintiff fails to establish any basis for same in California.

#### 1.    Skullcandy is Not Subject to Specific Jurisdiction in California

##### a.    *Not Purposeful Direction at California*

Skullcandy did not expressly aim its alleged activities at California, nor was any alleged harm in California foreseeable.

###### i.    No Express Aim of Activities at California

Plaintiff's reliance on *Herbal Brands, Inc. v. Photoplaza, Inc.* is inapposite. 72 F.4th 1085 (9th Cir. 2023). The claims in *Herbal Brands* arose from the sale

---

[1] Plaintiff's Opposition does not dispute the absence of general jurisdiction here.

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

and shipment of a product, and the court held that the defendant expressly aimed its conduct at Arizona. *Id*. at 1093. However, *Herbal Brands* does not apply to all internet activity as a source of personal jurisdiction. *Id.* Plaintiff's claims here do not concern Skullcandy's physical goods sold to residents of California, but rather, arise from alleged technology tracking software on Skullcandy's website and the alleged disclosure of Personally Identifiable Information ("PII"). Dkt. 1-2, ¶¶ 122-128; *Martin v. Outdoor Network LLC*, 2024 WL 661173, at *4 (C.D. Cal. Jan. 31, 2024) (it is misplaced to rely on *Herbal Brands* and its discussion of sales where a plaintiff's claims are instead based on the use of a company's website for some function other than purchasing and shipping a product.). The Opposition is misguided in citing Plaintiff's alleged purchase of earbuds from Skullcandy— Plaintiff's claims here do not concern the earbuds themselves, or Plaintiff's purchase/receipt of the earbuds or the shipment of the earbuds. Rather, Plaintiff's claims concern her alleged browsing history on Skullcandy's website. Dkt. 1-2, ¶¶ 120-124. The earbuds purchase is irrelevant, as Plaintiff does not allege her purchase of the earbuds was necessary for or a prerequisite to the alleged collection and/or disclosure of any of her PII. Further, the fatal issue with the Complaint is Plaintiff's failure to allege what her actual PII collected or disclosed consisted of. Plaintiff's Opposition makes the conclusory claim that she did not consent to the collection or disclosure of her "shopping habits" or payment information. Dkt. 10 at 18. However, there are no such allegations in the Complaint. There are no allegations that Skullcandy, or any third party, collected or disclosed Plaintiff's shopping habits, payment information, or any other specific PII. Merely operating an interactive website does not rise to the level of express aiming for purposes of specific jurisdiction, otherwise, every online retailer "would be subjecting itself to specific jurisdiction in every forum in which the website was visible." *Herbal Brands, Inc.*, 72 F.4th at 1091. Thus, the "analysis turns on whether the site had a forum-specific focus or the defendant exhibited an intent to cultivate an audience

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-3-

in the forum." *Id*. at 1092.  Plaintiff fails to allege Skullcandy's website has any California-specific focus or that Skullcandy showed any intent to cultivate a California audience.  Further, Plaintiff's Opposition fails to identify any facts alleged regarding conduct deliberately targeted towards California.  Plaintiff simply does not allege Skullcandy sought to specifically engage with or target California residents.

ii.    Alleged Harm Was Not Foreseeable

Plaintiff's alleged harm was not foreseeable.  Plaintiff claims that because Skullcandy had California customers, it must have foreseen harm to a California resident. Dkt. 10, at 5.  However, the mere fact that a California resident can access Skullcandy's website does not establish foreseeable harm.  If so, this would cause every company with a website to be deemed to have foreseen harm to every user. *See 808 Holdings LLC v. Collective of Jan. 3, 2012 Sharing Hash,* 2013 WL 1390384, at \*4 (C.D. Cal. Apr. 3, 2013); *CrossFit, Inc. v. Fitness Trade,* 2020 WL 6449155, at \*5 (S.D. Cal. Nov. 2, 2020); *DFSB Kollective Co. Ltd. v. Bourne,* 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012); *NuboNau, Inc. v. NB Labs, Ltd., 2012 WL 843503, \*6* (S.D. Cal. Mar. 9, 2012) ("With Burger King in mind, the Court doesn't find that merely engaging Twitter and Facebook to promote one's business constitutes purposeful direction at California, simply because Twitter and Facebook happen to be based there.").  Plaintiff fails to make any causal connection between her privacy claims and Skullcandy other than Skullcandy's mere general operation of its website.  Thus, Plaintiff has failed to establish that Skullcandy purposefully directed activities at California residents.

**b.    Skullcandy Does Not Have Forum-Related Contacts**

Plaintiff fails to identify allegations sufficiently establishing Skullcandy's California-related contacts.  Plaintiff attempts to rely on *Briskin v. Shopify* in arguing Plaintiff's claims arise out of or relate to Skullcandy's contacts with California.  In *Shopify*, the court held that, although Shopify provides services

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-4-

globally, Shopify had California-related contacts when it made contact with the plaintiff's device, which it allegedly *knew* was in California, and the injury alleged would "tend to be caused" by Shopify's contacts with California merchants and consumers. 135 F.4th 739, 760 (9th Cir. 2025) (emphasis added).

Plaintiff improperly attempts to rely on *Shopify*. Here, Plaintiff alleges Skullcandy utilized *third party* tracking technology. Dkt. 1-2, ¶¶ 4-8; 63-68; 106. *See Shah v. Hilton Worldwide Holdings Inc.*, No. 25-CV-01018-EKL, 2025 WL 1683577, at *2 (N.D. Cal. June 11, 2025) (*Shopify* is distinguishable on allegations the defendant utilized third party tracking software, because in *Shopify* the defendant directly – not third parties – allegedly knew the location of the plaintiff's device). Similarly, here, Plaintiff does not allege Skullcandy directly collected any PII or knew Plaintiff or her device were in California. Rather, Plaintiff alleges Skullcandy utilized third parties to track user's PII. As Plaintiff alleges Skullcandy enables or allows third parties to collect user's PII, Skullcandy would not be aware of the location of consumers, unlike *Shopify*. *Shopify* is not applicable.

### c.   *Jurisdiction Over Skullcandy Would be Unreasonable*

It would be unreasonable for this Court to exercise jurisdiction over Skullcandy in California. First, Plaintiff claims that Skullcandy has allegedly purposefully directed its regular business activities through its website to California residents, like in *Shopify*. Dkt. 10, p 7; *Shopify*, 135 F.4th at 761. However, Plaintiff fails to identify any facts alleged indicating Skullcandy deliberately targeted California. Plaintiff does not allege Skullcandy sought to specifically engage with or target California residents.

For Factors Two, Five, and Six, Plaintiff argues litigating in California will not be unduly burdensome for Skullcandy and that it would be more convenient for Plaintiff because she may have evidence located in California. Dkt. 10, p 7-8. Because Plaintiff's claims are based on Skullcandy's operation of its website, it would be unduly burdensome and inconvenient to litigate in California when the

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-5-

majority of the witnesses and Skullcandy's executive offices, records, and books are located in Park City, Utah.  Utah is also where Skullcandy's website is deployed, operated, and maintained. Kepke Decl., ¶ 4.  For Factor Four, Plaintiff claims that California has a strong interest in seeking redress for its residents who have been harmed. Dkt. 10, p 8.  However, Plaintiff ignores Utah's interest in the decisions of corporations headquartered in its state, which limits California's interest in adjudicating this matter arising from alleged decisions made in Utah.

As for Factor Seven, Plaintiff ignores the adequacy and availability of an alternative forum.  As Plaintiff cannot dispute, *particularly where she initially filed her claims in Utah*, Utah is a viable alternative forum with undisputed personal jurisdiction over Skullcandy. *See CE Distribution, LLC v. New Sensor Corp.*, 380 F.3d 1107, 1112 (9th Cir. 2004).

As for the reasonableness factor, Skullcandy has demonstrated that jurisdiction in California would be a due process violation and that it would be difficult and inconvenient for Skullcandy to litigate in California.  Further, Plaintiff cannot argue it would be inconvenient or unreasonable to litigate in Utah— *Plaintiff initially filed her claims in Utah*.  On balance, the seven factors support a finding that it is unreasonable and inconvenient for the parties to litigate in California.  Utah would be a more convenient forum.

**B.    Plaintiff Lacks Standing Because She Fails to Allege Concrete Harm**

1.    Plaintiff Has Not Established Concrete Harm

Plaintiff fails to plead any concrete harm.  Plaintiff claims allegations that her harm was caused by Skullcandy's alleged use of website tracking technology to collect Plaintiff's PII are sufficient. Dkt. 10, at 10.  However, Plaintiff fails to identify any specific personal information allegedly collected or disclosed that could cause any harm to her. *Mikulsky v. Noom, Inc.*, 682 F. Supp. 3d 855, 864 (S.D. Cal. 2023) (Conclusory statements regarding disclosed "personal information" does not allow the Court to determine whether Plaintiff has a

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

-6-

protectable privacy interest in that information."). Plaintiff's Opposition claims she did not consent to the collection or disclosure of her "shopping habits" or payment information. Dkt. 10 at 18. However, there are no such allegations in the Complaint, or that Skullcandy, or any third party, collected or disclosed Plaintiff's shopping habits, payment information, or any other specific PII. Rather, the Complaint only generally refers to Plaintiff's "personal information" and "communications," without any allegations at all regarding what those may have consisted of or how Plaintiff would have been harmed by any alleged collection or disclosure. Thus, Plaintiff has failed to establish that she suffered a concrete harm.

### 2. Dismissal is Appropriate

Dismissal is appropriate because it would be futile to remand this matter. For a district court to dismiss a matter rather than remand it, the defendant must show with absolute certainty that the state court would dismiss the action. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016). As established herein and in the Motion, Plaintiff's claims will not survive a motion to dismiss even if remanded because Plaintiff fails to state any viable claim.

## C. Plaintiff Fails to State a Claim Under Rule 12(b)(6)

### 1. Plaintiff Consented to the Activity Alleged

Plaintiff consented to the activity alleged by receiving, at a minimum, constructive and specific notice of Skullcandy's Terms of Service and Privacy Policy ("Terms").

### a. *Plaintiff Had Constructive Notice of the Terms*

Plaintiff claims she did not have constructive notice of the Terms. Dkt. 10, at 13-14. However, the Terms are on the website's homepage, which Plaintiff admitted that "a user would see upon entering [the] Website." Dkt. 1-2, ¶¶ 107-109. The Terms also scroll along the page simultaneously as the user scrolls and the website expressly references the policy. Kepke Decl., Exs. B and C; Dkt. 1-2, ¶¶ 107-109. Plaintiff was presented with conspicuous notice of the Terms.

-7-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

### b.    The Terms Were Specific

Plaintiff alleges Skullcandy's Terms did not specifically state what data was being captured or the third parties collecting it. Dkt. 10, at 15.  However, a defendant sufficiently discloses "precise tracking conduct" by stating: "We collect information when you visit or use third-party websites and apps that use our Services (like when they offer our Like button ...)." *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954 (N.D. Cal. 2017), aff'd, 745 F. App'x 8 (9th Cir. 2018). Similarly, in *Lakes v. Ubisoft, Inc.*, the court granted a motion to dismiss based on established consent. 777 F.Supp.3d 1047 (2025).  Rejecting the plaintiffs' argument that highly granular disclosures about specific tracking practices was required, the court found that Ubisoft's privacy policy was sufficient in stating that defendant 'use[s] various types of technologies such as cookies to collect [game data and login and browsing data] when you use our services' and Defendant also 'allow[s] some of our partners to set and access their Cookies on your device.' *Id.*

Likewise, here, Skullcandy's Terms expressly disclose, *inter alia*, which information provided by users may be shared to third parties. *See* Privacy Policy (Kepke Decl., Ex. C).  Plaintiff admits that Skullcandy's Terms explain "that cookies and similar technologies may be used to collect and share user data with third-party partners for analytics and advertising." Dkt. 1-2, ¶ 103.  Thus, the Terms found on Skullcandy's website were sufficiently specific.

### 2.    Plaintiff Cannot Apply Wiretapping Statute to the Website

Plaintiff alleges that her browsing activity and text input on Skullcandy's website was transmitted to Skullcandy and third parties simultaneously. Dkt. 10, p 16.  However, to be actionable, the alleged eavesdropping must have occurred while in transit. Cal. Penal Code § 631(a).  Plaintiff claims that a violation occurred because the communications were intercepted and read before being stored. Dkt. 10, p 16.  However, Plaintiff fails to identify any facts alleged to support her assertions. Plaintiff must show that interception occurred ***while*** the

-8-

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

information was in transit, and Plaintiff fails to identify any facts alleged on point. Thus, Plaintiff's wiretapping claim must fail.

### 3. No Allegations Any Information Tracked Was Confidential

Plaintiff claims the information allegedly tracked was confidential. Plaintiff claims the confidential information she revealed on Skullcandy's website consisted of her unique shopping habits. Dkt. 10, p 18. First, and fatally, neither the cited paragraphs in the Complaint, nor any others, allege that Skullcandy tracked *Plaintiff's confidential information*. *Id.*, citing Dkt. 1-2, ¶¶ 29-30, 86-87. Second, users' unique shopping habits are not confidential information. *See Yoon v. Lululemon USA, Inc.*, 549 F.Supp.3d 1073 (2021) (customer had no cognizable privacy interest in browsing data collected while she interacted with store's website); *Saeedy v. Microsoft Corp.*, No. 23-CV-1104, 2023 WL 8828852, at *5 (W.D. Wash. Dec. 21, 2023) (finding no privacy interest in users' internet browsing activities, internet searches, and online shopping behavior). Moreover, Plaintiff already has accounts and shares her information with Google and Facebook, the third-parties Skullcandy allegedly shared her information with. Dkt 1-2, ¶¶ 116-118. The information allegedly tracked was not confidential.

### 4. Plaintiff Did Not Have a Reasonable Expectation of Privacy

Regarding the number of other privacy claims Plaintiff has filed, Plaintiff claims she was merely exercising her legal right when she brought those lawsuits. However, Plaintiff entirely fails to address the fact that she necessarily waived any potential expectation of privacy when she engaged with a site that allegedly "accessed, recorded, and disclosed" her personal information and informed her of this possibility through its Terms. *See Rodriguez v. Autotrader.com, Inc.,* No. 2:24-CV-08735-RGK-JC, 2025 WL 1085787, at *1 (C.D. Cal. Apr. 4, 2025). A plaintiff loses standing under the CIPA when they continue using websites after learning about tracking software. *See Mikulsky v. Bloomingdale's, LLC*, 713 F.Supp.3d 833 (2024). The Terms on Skullcandy's website were clear and obvious

-9-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

that a user's information may be collected.  By intentionally meeting her own expectations, Plaintiff cannot now bring privacy-related claims against Skullcandy.

### 5. Plaintiff's Claims are Vague

Plaintiff claims she has sufficiently pled CIPA violations because Plaintiff alleges that her data was intercepted from her personal device, which is located in California. Dkt. 10, p 19.  However, in *Hammerling v Google, LLC*, the court granted dismissal where the plaintiff "fail[ed] to allege that the data in question was **intercepted in California**." 2022 WL 17365255, at *11 (N.D. Cal., Dec. 1, 2022).  Here, Plaintiff alleges that Skullcandy's website intercepted her personal information while she was browsing the website. Dkt. 1-2, ¶¶ 121-124.  Skullcandy's website is "deployed, operated, and maintained in Utah." Kepke Decl., ¶ 4.  Plaintiff fails to allege that any of Skullcandy's purported activity occurred in California.  Thus, Plaintiff fails to sufficiently plead her CIPA claims.

### 6. Plaintiff Fails to Plead Elements of Unjust Enrichment

Plaintiff claims that her unjust enrichment claim is a quasi-contract claim, supported by her allegations that Skullcandy benefitted from its alleged violations of CIPA. Dkt. 10, p. 20.  However, Plaintiff has failed to allege any facts to support her Unjust Enrichment claim that are distinguishable from her CIPA allegations.  Thus, Plaintiff also fails to state a claim for unjust enrichment.

## D. Venue is Improper

### 1. Dismissal for Improper Venue is Needed

Plaintiff claims that a "substantial part" of the alleged CIPA violation occurred in California because Plaintiff accessed Skullcandy's website while in California, Plaintiff's PII was disclosed to companies with headquarters in California, and Skullcandy has a satellite office in California.  However, Plaintiff's claims arise from the alleged tracking of Plaintiff's PII, which allegedly occurred on Skullcandy's website that is "deployed, operated, and maintained from Park City, Utah." Decl. of Mathew Kepke, at ¶ 4.  Plaintiff cannot rely on

-10-
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

conclusory allegations and, thus, has failed to establish that venue is proper here.

2.    This Matter Should Be Transferred in the Alternative

In the alternative, this matter should be transferred to the District of Utah. First, Plaintiff fails to address the fact that she forum shopped by first filing her claims in Utah and then in California.  The Court need not give any deference to Plaintiff's choice of forum when Plaintiff chooses multiple forums.  Second, Plaintiff fails to identify any facts alleged indicating Skullcandy directly targeted California residents. Dkt. 10, p 22-23.  Third, Plaintiff fails to identify any of her non-party witnesses, but claims she may need to compel employees of third-party companies in California to testify.  Dkt. 10, p 23-24.  This speculative claim does not outweigh the overwhelming factors favoring dismissal.  Fourth, Plaintiff claims that all of the evidence concerning computer code can be easily obtainable electronically. Dkt. 10, p 24.  This claim is again speculative.  Skullcandy's website is deployed, operated, and maintained at Skullcandy's headquarters in Utah.  Fifth, Plaintiff fails to acknowledge that courts are capable of applying another state's substantive law. Dkt. 10, p 24; *Metz v. U.S. Life Ins. Co. in City of New York,* 674 F. Supp. 2d 1141, 1148 (C.D. Cal. 2009).  Seventh, the alleged activity occurred in Utah, thus, the District of Utah would have a greater interest in the matter.  Eighth, Plaintiff ignores that it would be speedier for this matter to be tried in the District of Utah due to a less crowded docket.  On balance, the factors weigh in favor of transfer of this matter to Utah, if not dismissed altogether.

### III.    CONCLUSION

For each of the above reasons, and as set forth in the Motion, Skullcandy respectfully reiterates its request that this Court grant its Motion to Dismiss.

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA  90071

DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Dated: August 29, 2025      Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
Craig J. Mariam
Alison M. Pringle
Attorneys for Defendant
SKULLCANDY, INC.

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-12-

# CERTIFICATION OF SERVICE

I hereby certify that on August 29, 2025, the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this document through the court's CM/ECF System.

By: */s/ Craig J. Mariam*
Craig J. Mariam

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071

-13-